U.S. Department of Justice

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 APR 15  P 12: 17

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

*United States Attorney*
*District of Maryland*
*Northern Division*

Rod J. Rosenstein
*United States Attorney*

James G. Warwick
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4860*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*
*TTY/TDD: 410-962-4462*
*James.Warwick@usdoj.gov*

September 10, 2009

Timothy Sullivan, Esquire
7305 Baltimore Avenue
Suite 301
College Park, MD   20740-3234

Re:   United States v. Darryl Allen
      Criminal No. JFM-09-0453

Dear Mr. Sullivan:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.      The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charges him with Conspiracy to Import heroin into the United States, in violation of 21 U.S.C. § 952 and 963. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Count One:
        a.      The defendant became a member of a conspiracy to import a substance containing a detectable amount of heroin into the United States from a place outside thereof, specifically Bangladesh;

        b.      The heroin which was imported was more than 100 grams; and

Revised 8/8/08

COURT'S EXHIBIT NO. ___1___
CASE NO.: **JFM-09-0453**
IDENTIFICATION: __4/15/10__
ADMITTED: __4/15/10__

D.A.

c.     The defendant knowingly and intentionally became a member of the conspiracy.

## Penalties

3.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: forty years imprisonment, a $2,000,000 fine pursuant to 21 U.S.C. § 960 (b)(2)(A),  followed by a term of supervised release of not more than five years and no less than four years. **A mandatory minimum sentence of five years is applicable herein**. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

reasonable doubt.

     c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

     d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

     e.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

     f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

     g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

     h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Advisory Sentencing Guidelines Apply

     5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

D.A.

6.      (a) This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond reasonable doubt, and to the following applicable sentencing guidelines factors:

Beginning on or about June 2, 2009 and continuing through on or about June 8, 2009, Darryl Allen and others conspired to import quantities of heroin into the United States from Bangladesh.

Specifically, on or about June 2, 2009, a parcel containing approximately 600 grams of heroin was intercepted by Customs and Border Protection agents at Kennedy Airport in New York. The parcel, which was sent from Bangladesh, was addressed to Travis Allen at 3809 Glengyle avenue, Baltimore, Maryland. Travis Allen is an alias of Darryl Allen. Allen recruited his half-brother, Eric Hill, to accept the package when it was delivered to the Glengyle Avenue address. On June 8, 2008, a controlled delivery of the heroin was made to the residence and it was accepted by Eric Hill. Hill thereafter met with Allen on the street near the residence. When Allen observed the presence of police in the area, he fled. The package was later recovered from Eric Hill. Allen, after being advised of his rights, admitted in substance that a Nigerian accomplice had arranged for the shipment of heroin to Allen.

The aforementioned conduct constitutes the crime of conspiracy to import heroin. Under Guideline Section 2D1.1(c)(6), a base offense level of 28 applies to this case in that more than 400 grams but less than 700 grams of heroin was the subject of the instant offense and is attributable to this defendant.

(b) The United States does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of her intention to plead guilty. The net offense level is 25. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her[his] involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw her[his] plea of guilty. 

(c) In addition, the parties agree that the Defendant's limited conduct within the conspiracy entitles him to a two level downward adjustment for being a minor participant under Section 3B1.2(b). It appears from the facts of this case that he lacked understanding and knowledge of the scope and the structure of the enterprise and the activities of other co-conspirators. He agrees not ask the Court for additional relief under 3B1.2. The net offense level is, therefore, reduced to level 23. **The Defendant, however, cannot be sentenced herein to less than five (5) years under the mandatory minimum set forth in 21 U.S.C. Section 960 (b)(1)(B) unless a motion is made by the United States pursuant to Guidelines Section 5K1.1 and 18 U.S.C. Section 3553 (e) or unless the 'safety valve' is found to be applicable under 18 U.S.C. Section 3553(f).**

D.A.

D.A.

D.A.

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that with respect to the calculation the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. The Defendant may raise factors contained in 18 U.S.C. §3553(a) in mitigation of sentence. The Defendant further acknowledges that he is on federal supervised release from a firearm offense committed in this district. Any sentence imposed in this matter must, by law, be served consecutively to any period of incarceration imposed for a violation of his supervised release.

## Obligations of the United States Attorney's Office

9.      At the time of sentencing, this Office will move to dismiss any open counts against the Defendant and will recommend a sentence at the low end of the applicable guideline range.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

11.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12.     The Defendant agrees that he will not commit any offense in violation

D. A.

of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

<u>Court Not a Party</u>

13.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.



## Entire Agreement

14.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

James G. Warwick
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement,  and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

_____          _____
Date                                                      Darryl Allen

I am Darryl Allen's attorney.  I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____          _____
Date                                                      Timothy Sullivan